MISSOURI PAC. RY. CO. *v.* TEXAS & PAC. RY. CO.   (On intervention of
FAGAN.)[1]

(*Circuit Court, E. D. Louisiana.* January 22, 1887.)

RAILROAD COMPANIES—NEGLIGENCE—DAMAGE FROM FIRE.

Where the evidence shows that the fire complained of originated from sparks or other fire from a locomotive of the defendant railway company, in a manner so as to make it reasonably probable and certain enough to raise the presumption of ignorance in the operation of said engine, the defendant company will be held responsible for the damages resulting from the fire.

In Equity. On exceptions to master's report.
*J. H. Kennard, Jr.,* for intervenor.
*W. W. Howe* and *S. S. Prentiss,* for receivers.

PARDEE, J. Exceptions are filed to the master's report, to the effect that the facts do not establish a presumption of negligence against the receivers, nor a legal basis for a recovery in favor of intervenor. An examination of the evidence shows that all the circumstances point to the fact that the fire originated from sparks or other fire from engine 619 of the railway, not so strongly as to make it certain, but so as to make it reasonably probable, and certain enough to raise the presumption of negligence in the operation of the said engine. This showing is only met by evidence showing that on the morning of the day the fire occurred, July 31, 1886, and four days afterwards, on August 4, 1886, the engine 619 was examined at Marshall shops, and then the condition of the stack-net, the ash-pan, and the dumper was good. The fire occurred about 190 miles west of the Marshall shops, and at least 12 hours after the first examination, and 3½ days before the second. And after the first examination, and before the fire, the engine must have traveled over that distance of 190 miles. At any time between the two examinations, while the engine was in use, the ash-pan or dumper may have been shaken into bad order. Whether the engine was examined at any of the shops west of Marshall does not appear. The master concludes that the engineer so mismanaged the engine, not defective in its appliances, as to

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

communicate fire to the intervenor's premises; but there is no evidence of mismanagement, and I take the master's finding to mean that the fire was communicated by the engine, and that the evidence does not exculpate the agents of the receivers from negligence. If the receivers had shown that the engine was supplied with the best appliances for the prevention of sparks and the spread of fire, and that at the time, or immediately before and after, such appliances were in good order, it would be difficult to hold them liable in this case. As the proof is, however, I am constrained to confirm the special master's report.

Let the exceptions be overruled, and the report be confirmed.